May 6th,
Waties, J.,
delivered the judgment of the court. The rule of law to be drawn from the various decisions on this question, is, that wherever it appears from the acknowledgment, or admission of the debtor, that the debt, or duty demanded, still remains unsatisfied, still subsists; and that there is no other impediment to the recovery of it, but the mere letter of the statute of limitations, there the debt, or duty, is revived by such acknowledgment; i. e. it is relieved from the shackles of the limitation act, and the creditor is not barred from a recovery. The limitation act proceeds upon the presumption, that the debt has been satisfied, from the supine, ness of the creditor for four years after it has become due; and the policy of it is, to prevent the recovery of stale, dormant, and inequitable demands, after a lapse of many years from the time of their origin. Where the reason of the law ceases, there the law ought itself to cease. Where the presumption, or suspicion of payment is removed, and the duty appears still to subsist, the *332 plainest principles of natural justice require that there should be no legal impediment to the exaction of that duty, and that the right t0 enforce the performance of it, should be supported. Upon this Sroun<^ law infers a new promise to pay the debt according to the former promise, which was barred by the operation of the statute of limitations. This implied promise must exist until removed by contrary evidence. It will throw the onus •probandi on the defendant, to prove the debt satisfied. In this case the defendant has not denied the justice of the demand. He has acknowledged it in effect; but he has refused to comply with it. He has refused positively to do that justice which he has acknowledged the plaintiff is entitled to. Will the law sanction this inquity 1 Will it endure it ? Any fiction should be laid hold of, rather than leave such a door open to injustice. To support the action, a promise within four years may well be implied under such circumstances, without resorting to any fiction, or absurdity. The law raises the promise. The party does not deny that, but says, “ I will not pay.” What does this amount to, but to saying, “] promise to pay, in consequence of a former promise made on a good and lawful con. sideration, but I will not pay 1”
New trial refused.